U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 SEP -8 PM 1:50

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KILLINGTON HOSPITALITY GROUP I, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FEDERATED EQUITIES, LLC, <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> KILLINGTON HOSPITALITY GROUP I, LLC; THE INN OF THE SIX MOUNTAINS HOMEOWNERS TRUST; THE INN OF THE SIX MOUNTAINS CONDOMINIUM OWNERS' ASSOCIATION; THE INN OF THE SIX MOUNTAINS C.O.A. FOOD & BEVERAGE CORPORATION; FBC, INC.; RICHARD KALINA; RICHARD CAEFER; ROBERT SALMERI; and JOHN LOUIS KALISH, <br><br> Counterclaim Defendants. | Case No. 5:15-cv-92 |

**OPINION AND ORDER RE:**
**COUNTERCLAIM DEFENDANTS THE INN OF THE SIX MOUNTAINS**
**CONDOMINIUM OWNERS' ASSOCIATION, RICHARD KALINA, RICHARD**
**CAEFER, AND ROBERT SALMERI'S MOTION TO DISMISS COUNTERCLAIMS;**
**COUNTERCLAIM DEFENDANT THE INN OF THE SIX MOUNTAINS C.O.A. FOOD**
**& BEVERAGE CORPORATION'S MOTION TO DISMISS COUNTERCLAIM;**
**FEDERATED EQUITIES, LLC'S MOTION TO AMEND COUNTERCLAIMS**
**(Docs. 19, 22, 30)**

Plaintiff Killington Hospitality Group I, LLC, brings this action against Federated Equities, LLC to quiet title to real property known as the Inn of the Six Mountains. Plaintiff also claims slander of title and tortious interference with contract. Federated Equities answered and counterclaimed, requesting specific performance of an alleged contract to convey the Inn of the

1

Six Mountains to it. Federated Equities also brought counterclaims against other individuals and organizations that were not parties to the action ("counterclaim defendants"), alleging breach of contract and related claims. All counterclaim defendants except The Inn of the Six Mountains Homeowners Trust, John Louis Kalish, and FBC, Inc., have moved to dismiss Federated Equities' counterclaims pursuant to Rules 12(b)(1), 12(b)(6), and 41 of the Federal Rules of Civil Procedure. (Docs. 19, 22). Federated Equities has moved to amend its counterclaims. (Doc. 30.)

### I.   Background

The following facts are drawn from the parties' pleadings and motions. The Inn of the Six Mountains ("the Inn"), located in Killington, Vermont, is a "condominium hotel consisting of 103 residential [u]nits and one commercial [u]nit." (Doc. 7 at 2.) The Inn of the Six Mountains Condominium Owners' Association ("Inn COA") is "the organization of all of the owners of the [u]nits which administers the condominium property pursuant to the [b]y-laws." (*Id.*)

On December 8, 2012, the Inn COA entered into an option contract with Killington Hospitality Group, LLC ("KHG") and Janee Hotel Corp. The option contract granted KHG and Janee the right to purchase the Inn for $3.3 million. The option contract provided that, if exercised, the Inn COA:

> [S]hall deliver to Optionee 100% ownership of the property free and clear from all condominium ownership, claims or liens. The parties recognize that the Optionors do not have the power to sell any unit on behalf of any owner of record and nothing here is meant to imply anything to that effect.

(Doc. 7 at 2.) The option contract also provided that it would expire ninety days following the due diligence expiration date, which was April 1, 2013.

On September 30, 2014, Richard Kalina (alleged President of the Inn COA, the Inn COA Food & Beverage Corp., and FBC, Inc.), alleged Inn COA agent Richard Caefer, and Bernard E. Weichsel executed a revocable trust agreement ("the Inn trust"), the purported purpose of which was to collect payments to be made by a buyer and to disburse those funds to the unit owners. (Doc. 7 at 4.) However, plaintiff alleges that no unit owners "ever signed the [t]rust or authorized its execution." (*Id.*)

2

According to plaintiff, KHG met with Federated Equities ("Federated") in late 2014 to discuss the possibility of purchasing the Inn together under the terms of the option contract. Federated declined the invitation.

Federated pursued a purchase of the Inn on its own. On January 10, 2015, John Louis Kalish (who Federated claims was acting as broker between the parties), emailed Jonathan Cox (a member of Federated) and Erick Nabydoski (a third party investor) "to report that he had prepared two purchase and sale agreements to present that day to the [d]irectors of [the Inn] COA." (Doc. 3 at 7.) Kalish emailed Cox and Nabydoski again on January 13, writing that "the I[nn] COA Board had accepted Federated's offer of $2,800,000.00 for the [p]roperty." (*Id.*) However, on January 19, Kalish wrote in an email to Nabydoski "that he had terminated the memorandum of understanding between Federated and Kalish." (*Id.*)

Also on January 19, Richard Kalina "emailed Nabydoski to confirm that all discussions with another buyer group consisting of KHG and [Janee] had ended, and that 'we have no written agreements with them, as the terms were never finalized.'" (*Id.*) Federated alleges that Kalina was also a managing member of KHG.

On January 22, Kalina forwarded a purchase and sale agreement for the sale of the Inn to Federated. The agreement was signed by Kalina "as President of [the Inn COA] Food & Beverage, [the Inn] COA and FBC." (*Id.* at 8.) Federated "executed" the agreement on January 22. (*Id.*) Richard Caefer signed the agreement electronically on January 22, "in his capacity as 'Duly Authorized Agent for [the Inn] COA Directors as representatives of Owners of Record,' as 'Duly Authorized Trustee for the Inn of the Six Mountains Homeowners Trust as representatives of Owners of Record,' and as 'Treasurer of [the Inn] Food & Beverage, [the Inn] COA and FBC.'" (*Id.*)

On January 29, Federated "sent a list of due diligence requirements to the sellers," but never received a response. (*Id.*)

On February 4, 2015, KHG assigned its rights under the option contract to Killington Hospitality Group I, LLC, the plaintiff in this action. On the same day, plaintiff and the Inn COA allegedly executed an amendment to the option agreement providing that the parties would "exert their best efforts to close by Wednesday, February 4, 2015." (Doc. 7 at 3.) According to

3

Federated, Janee did not sign the amendment to the option agreement. Federated also alleges that the amendment included the following provision:

> Optionee . . . shall agree to indemnify Optionor . . . against any financial liabilities, beyond the covered amount of the Optionors Insurance limit, for terminating the purchase contract entered into with Federated Equities Dated 1/22/2015. Optionor shall keep said insurance policy in full force and effect at Optionee's sole cost and expense.

(Doc. 3 at 9.)

On February 4, "Robert Salmeri, allegedly acting as authorized agent for the seller entities," informed Federated by phone "of another group's interest in the [p]roperty." (Doc. 3 at 8.) According to Federated, Salmeri offered it $100,000 to terminate its purchase agreement. Federated demanded $300,000. On February 5, Dan Ewald, "attorney and apparent representative for [plaintiff] and Janee," offered Federated $150,000 plus the return of its $50,000 deposit "to entice Federated to walk away from its" purchase agreement. (*Id.* at 9.) Federated apparently did not accept this offer. Federated recorded its purchase agreement on February 5. On February 20, Federated informed the Inn COA and the other seller entities that they were in "default regarding production of the requested due diligence documents." (*Id.* at 9.)

Plaintiff closed on the Inn on February 23, and "all 104 condominium [u]nits at the Inn of the Six Mountains were conveyed via individual warranty deeds by the [u]nit [o]wners of record to each condominium unit to . . . [p]laintiff." (Doc. 7 at 3.) Plaintiff recorded the deeds on February 24.

According to Federated, on March 4 it entered into an agreement with the Inn seller entities to release its right to purchase the Inn in exchange for $300,000. Federated alleges that in the agreement "the I[nn] sellers represented and warranted that each had all necessary authority to execute the agreement . . . and they agreed to jointly and severally indemnify and hold Federated harmless against all costs and expenses . . . that Federated incurs as a result of a breach of that warranty." (Doc. 3 at 10.) On the next day, however, Federated was informed "that Salmeri had allegedly been removed from the Board of the [Inn COA] at a special meeting held on March 2 . . . and that he had no authority to negotiate with, or enter into any agreements with, Federated." (*Id.*) (Presumably, Salmeri had been involved in the negotiations with Federated for the alleged $300,000 settlement.)

Plaintiff filed an action to quiet title against Federated in Vermont Superior Court requesting a declaratory judgment that Federated has no legal interest in the Inn and claiming slander of title and tortious interference with contract. (Doc. 7.) Following removal of the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441, Federated answered and counterclaimed that plaintiff holds no legal title to the Inn. Federated requests a court order directing plaintiff to convey the Inn to Federated.

Federated also brought counterclaims against individuals and organizations who are not parties to the action. Federated asserts claims for breach of contract and breach of the covenant of good faith and fair dealing against the parties to the purchase agreement it signed: the Inn COA, the Inn COA Food & Beverage Corp., the Inn Trust, and FBC, Inc. It also asserts claims of fraud and tortious interference with contract against Kalish, Kalina, Caefer, and Salmeri. Federated further claims that Kalish breached his fiduciary duty. It requests punitive damages against plaintiff and all the counterclaim defendants.

Counterclaim defendants the Inn COA, the Inn COA Food & Beverage Corp., Kalina, Caefer, and Salmeri have moved to dismiss all counterclaims against them under Rules 12(b)(6), 12(b)(1), and 41 of the Federal Rules of Civil Procedure on the grounds that Federated has failed to follow the Rules by filing counterclaims against third parties who were not parties to the initial action and that the court lacks diversity jurisdiction.

## II.     Joinder of Parties under Rules 20 and 21

Counterclaim defendants move to dismiss Federated's counterclaims on the procedural ground that Federated can assert counterclaims under Rule 13 only against "an opposing party." Fed. R. Civ. P. 13(a)(1). Counterclaim defendants are not yet opposing parties because they are not named parties to the action. *See Youell v. Grimes*, 203 F.R.D. 503, 507-08 (D. Kan. 2001) ("The term 'opposing party' refers only to a person or entity that is *already a party* in the action when the counterclaim is asserted."); *Bank of Vermont v. Lyndonville Sav. Bank & Trust Co.*, 906 F. Supp. 221, 228 (D. Vt. 1995) ("[A] defendant may only state a counterclaim against an opposing party.")

At the hearing, however, the parties agreed that three of the four individual counterclaim-defendants could be sued in the same case as the original plaintiff. In other words, the

5

counterclaim against the individual defendants does not have to be heard as a separate case. (The court will consider the special problem of Mr. Caefer and the loss of diversity jurisdiction separately). Counsel for moving counterclaim defendants acknowledged that at a minimum, the counterclaims could be filed in a separate action which could be consolidated with the original action. Counsel denied that the individual parties could be added to the original action because they were not named or otherwise implicated in the original claim brought against Federated Equities. Although not specifically addressed at the hearing, there is no reason why the organizational counterclaim defendants could not have been sued in the same case as well.

Counsel for the counterclaim-plaintiff (Federated) took a broader view. He believed that he could add additional parties through his answer pursuant to Rules 13(h) and 19 or 20 (necessary and permissive joinder, respectively) of the Federal Rules of Civil Procedure. The court agrees that the counterclaim-defendants (except for the Florida resident Mr. Caefer) can be added to the case without the need for filing a second lawsuit and consolidating the two claims. The court exercises its discretion under Rule 21 to add the counterclaim defendants as additional parties to the action.[1] This ruling is without prejudice to the rights of these parties to seek dismissal and in all other respects to exercise the rights of any party joined to a lawsuit. Because the court joins the counterclaim defendants as parties under Rules 20 and 21, counterclaim defendants' motions to dismiss the counterclaims for failure to comply with Rule 13 are DENIED as moot.

The court now turns to the special problem of Mr. Caefer. Both Federated and Caefer are citizens of Florida for purposes of 28 U.S.C. § 1332. Federated acknowledges that Caefer's presence in the action would destroy diversity jurisdiction and it seeks to withdraw its counterclaims against Caefer in order to preserve this court's jurisdiction.

Counterclaim defendants object to Federated's motion to amend its counterclaims on the ground that dropping its counterclaims against Caefer would prejudice the other counterclaim defendants. They contend that—having argued that Caefer is a necessary party to the action—

---

[1] Counterclaim defendant FBC, Inc. has not filed a notice of appearance. The court has granted Federated's motion for entry of default against FBC, Inc. (Doc. 58.) The Inn of the Six Mountains Homeowners Trust has not been served with process, so this order does not apply to that party.

6

Federated cannot now drop Caefer as a counterclaim defendant and keep its counterclaims against the others. This argument is unpersuasive. *Fastov v. Palisades Swimming Pool Ass'n*, No. 8:05-CV-01760-AW, 2006 WL 4560161 (D. Md. Jan. 31, 2006), which counterclaim defendants cite in support, stands for the proposition that "a court must dismiss an action if it cannot obtain jurisdiction over an indispensable party." *Id.* at *5. Here, the court has concluded that counterclaim defendants may be joined under Rules 20 and 21—it has not concluded that Caefer is an indispensable, or even necessary, party. Additionally, counterclaim defendants have not advanced any compelling argument that Caefer's absence from this action will prejudice the rest of them.

"Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009). According to the counterclaims, Caefer was one of several individuals who are responsible for causing harm to Federated. Those allegations do not establish that he is "indispensable" in the sense in which the term is used in Rule 19(b). Federated is free to sue Caefer in state court. No party is prejudiced by a judgment rendered in Caefer's absence. Caefer is simply one of several alleged tortfeasors and his dismissal from the case does not preclude his testimony or in any other way complicate the case against the remaining counterclaim defendants. Federated's motion to amend its counterclaims is GRANTED.

### III.   Conclusion

For the reasons stated above, the court joins all counterclaim defendants except for Inn of the Six Mountains Homeowners Trust as parties to the action under Rules 20 and 21 of the Federal Rules of Civil Procedure.  Counterclaim defendants Inn of the Six Mountains Condominium Owners' Association, Richard Kalina, Richard Caefer, Robert Salmeri, and Inn of the Six Mountains C.O.A. Food & Beverage Corporation's motions to dismiss the counterclaims (Docs. 19, 22) are DENIED as moot.  Defendant Federated Equities, LLC's motion to amend the counterclaims (Doc. 30) is GRANTED.

Dated at Rutland, in the District of Vermont, this 8th day of September, 2015.

                                                            Geoffrey W. Crawford, Judge
                                                            United States District Court